UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERRANCE JON IRBY,<br><br>                    Plaintiff,<br><br>   vs.<br><br>STEVE SINCLAIR, CUS L.<br>BELANGER, M. PREACE, CUS<br>JENSEN, CUS OLIVER-ESTES,<br>and OFFICER ARMS,<br><br>                Defendants. | NO.  CV-10-5053-LRS<br><br>ORDER STRIKING SUPPLEMENTAL<br>DOCUMENT, DISMISSING FIRST<br>AMENDED COMPLAINT IN PART<br>WITH PREJUDICE AND IN PART<br>WITHOUT PREJUDICE, AND DENYING<br>PENDING MOTIONS AS MOOT<br><br>**1915(g)** |

BEFORE THE COURT is Mr. Irby's First Amended Complaint (Ct. Rec. 28) [1],

received on August 24, 2010.  After review of this document, the court finds it fails to

---

[1]On September 13, 2010, the court received a single page document titled "First

Amended Complaint" with a different listing of Defendants (Ct. Rec. 36).  An amended

complaint supercedes the original complaint, *Forsyth v. Humana, Inc*., 114 F.3d 1467,

1474 (9th Cir.1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987), and must be

complete in itself without reference to the prior or superceded pleading.  Therefore, "[a]ll

causes of action alleged in an original complaint which are not alleged in an amended

complaint are waived." *King*, 814 F.2d at 567 (*citing to London v. Coopers & Lybrand*,

644 F.2d 811, 814 (9th Cir.1981)); *accord Forsyth*, 114 F.3d at 1474. Because this

document is not complete in itself as an Amended Complaint, **IT IS ORDERED**

Plaintiff's supplemental document (Ct. Rec. 36) is **STRICKEN.**

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 1

cure the deficiencies of the initial complaint, filed May 13, 2010.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges Defendant Arms identified Plaintiff as a "rapo" to other inmates on April 5, 2010, but Defendant Arms denied this allegation when Plaintiff confronted him on April 6, 2010.  Plaintiff states Defendant Arms sent an email to Defendant Jensen on April 7, 2010, regarding the encounter with Plaintiff, and Defendant Jensen ordered Plaintiff to be moved to another unit on April 8, 2010.  As a result, Plaintiff claims he lost his one-man cell and his job of two years.  When Plaintiff refused a two-man cell assignment, after stating he was doing so for legal, medical and mental health reasons, he was removed to the segregation unit on April 8, 2010.

Plaintiff states he was infracted on April 16, 2010, when he refused a housing assignment in a two man cell, and sanctioned with 10 days isolation and 15 days loss of good time.  He does not state this infraction has been invalidated.  Plaintiff claims on April 26, 2010, despite informing Defendant Estes of all the reasons he should not be placed in a two-man cell, he was placed back in segregation for refusing a cell assignment.  On April 29, 2010, Plaintiff was apparently sanctioned with 15 days isolation, 15 days segregation and 30 days loss of good time.  Again, Plaintiff does not state the loss of good time was invalidated.

## EIGHTH AMENDMENT

A prisoner may establish a § 1983 claim under the Eighth and Fourteenth Amendments against prison officials when the officials acted with deliberate indifference to the threat of serious harm or injury by another prisoner. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986).  Under the deliberate indifference standard, a plaintiff must demonstrate that prison officials knew that he faced a substantial risk of serious harm and that they disregarded that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 2

(1994).  Here, even if Defendant Arms created a risk of harm to Plaintiff by calling him a "rapo," Plaintiff admits he was removed within days from the unit where this allegedly occurred and without any assault by others.  Plaintiff's allegations are insufficient to state a constitutional claim against Defendant Arms.

## DUE PROCESS

"An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than another."  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985).  Plaintiff's allegations that Defendants Jensen and Estes placed him in segregation, even after he explained his reasons for refusing a two-man cell, do not state a constitutional violation. Any due process claim must fail because Plaintiff has "no liberty interest in freedom from state action taken within the sentence imposed," *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quotation omitted), and the Ninth Circuit explicitly has found that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence. *Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir.1986).

In addition, Mr. Irby has no federal constitutional liberty or property interest in prison employment. *See Bauman v. Arizona Dep't of Corrections*, 754 F.2d 841, 846 (9th Cir. 1985) (denial of work and home furlough does not implicate constitutional interests because no state created liberty interest).  In addition, state created liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. at 484 (rejecting *Hewitt v. Helms* analysis and holding that prisoner has no liberty interest in avoiding thirty days of disciplinary segregation as punishment for misconduct).  The denial of a prison job does

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 3

not "impose atypical and significant hardship" on an inmate "in relation to the ordinary incidents of prison life" and therefore under *Sandin* does not implicate a state created liberty interest.

Furthermore, Plaintiff's claims regarding the disciplinary actions taken against him must also fail.  When a prisoner challenges the revocation of good time credits, his exclusive remedy is a writ of habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994).  A claim for damages resulting from the revocation of his good time credits is premature until such time as the revocation of his good time credits is invalidated. *See Heck*, 512 U.S. at 487.  Plaintiff has failed to show the disciplinary hearings or sanctions which resulted in the loss of good time credits were invalidated.  Accordingly, any due process claim against Hearing Officer Pierce regarding the loss of good time credits is not cognizable under 42 U.S.C. § 1983 at this time and is subject to dismissal. *See Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997).

## RETALIATION

In documents attached to the First Amended Complaint Plaintiff appears to assert that the attempt to place him in a two man cell was in retaliation "for his legal quest on the level system (and reporting Arms)."  Plaintiff, however, did not allege he "reported Arms" in his complaint.  Instead, Plaintiff alleged Defendant Arms emailed Defendant Jensen after Plaintiff confronted him on April 6, 2010, regarding the allegation of being called a "rapo."  Plaintiff has presented no facts linking his litigation activities to the actions of Defendants Arms, Jensen or Estes.  He has failed to state a plausible claim of retaliation for those events preceding May 13, 2010.  Therefore, **IT IS ORDERED** Plaintiff's Eighth Amendment, Due Process and Retaliation claims against Defendants Arms, Jensen and Estes are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

//

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 4

**EXHAUSTION REQUIREMENT**

It is clear from the documents presented that Mr. Irby did not fully exhaust his administrative remedies as to all of his claims prior to initiating this action on May 13, 2010.   Indeed, many of the allegations in the First Amended Complaint post-date May 13, 2010.  Furthermore, Plaintiff admits filing only to level one of the grievance procedure, and that "some claims" were time barred.

As advised in the Order to Amend or Voluntarily Dismiss (Ct. Rec. 13), a prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies have been exhausted. 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005).  Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

A prisoner must complete the administrative review process in accordance with the applicable rules. *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).  Under *Woodford*, there must be proper exhaustion, which means following the steps set out in the grievance procedure. *Id.* Also, exhaustion must precede the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).  Obviously, Plaintiff did not exhaust any claim arising after May 13, 2010, prior to filing this action.

An affirmative defense, such as exhaustion, may be grounds for dismissal for failure to state a claim when it is clear from the face of the complaint that exhaustion has not been accomplished.  *See Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2007), citing with approval, *Leveto v. Lapina*, 258 F.3d 156, 161 (3rd Cir. 2001) ("[A]

complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face" (internal quotation marks omitted)).  *See also Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003) (indicating that *sua sponte* dismissal may be appropriate where the record is clear that prisoner conceded nonexhaustion).

Therefore, **IT IS ORDERED** the First Amended Complaint (Ct. Rec. 28) is **DISMISSED in part without prejudice** for failure to exhaust administrative remedies prior the filing of the initial complaint.  Any claims arising after Plaintiff commenced this action on May 13, 2010, may be brought in a new and separate civil rights action after Mr. Irby has fully exhausted his administrative remedies.  Plaintiff will be responsible for the full filing fee for each action he chooses to file.

**IT IS FURTHER ORDERED** all pending motions (Ct. Recs. 32, 37, and 41) are **DENIED as moot.**

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915.  This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

//
//
//
//
//
//

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 6

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, enter judgment, forward copies to Plaintiff at his last known address, and close the file.  The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

The court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this   29th   day of September, 2010.


*s/Lonny R. Suko*
_____
LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 7