UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| TERRANCE JON IRBY, | | |
| | Plaintiff, | NO. CV-10-5053-LRS |
| vs. | | ORDER DENYING MOTIONS |
| STEVE SINCLAIR, CUS L. BELANGER, M. PREACE, CUS JENSEN, CUS OLIVER-ESTES, and OFFICER ARMS, | | |
| | Defendants. | |

On September 29, 2010, the court dismissed Plaintiff's First Amended Complaint in part with prejudice for failure to state a claim upon which relief may be granted and closed the file. On October 1, 2010, the court received Plaintiff's Motion to Join another Defendant (Ct. Rec. 50), which he noted for hearing without oral argument on November 29, 2010. In light of the court's disposition of this case, **IT IS ORDERED** Plaintiff's motion (Ct. Rec 50) is **DENIED as moot.**

Plaintiff has now filed a Motion for Reconsideration (Ct. Rec. 53) and a Motion to Voluntarily Dismiss (Ct. Rec. 55). Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp.*

ORDER DENYING MOTIONS -- 1

*v. Bat Holdings I, Inc.,* 651 F.Supp. 307, 309 (W.D. Wash. 1987).

In the instant case, Plaintiff has not alleged that there has been an intervening change of controlling law.  Likewise, he has not offered newly discovered evidence that would justify this court taking a second look at the issue in question.  Thus, the only remaining question is whether the court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5.  The court has already explained to Plaintiff if he wishes to challenge conduct which occurred after he initiated the present action in May 2010, he needs to file a separate action once his has fully exhausted his administrative remedies.  Accordingly, **IT IS ORDERED** Plaintiff's Motion for Reconsideration (Ct. Rec. 53) is **DENIED**.

Plaintiff filed his Motion to Voluntarily Dismiss only after the court determined the First Amended Complaint failed to state a claim upon which relief may be granted.  Because Plaintiff chose to amend rather than to voluntarily dismiss, **IT IS ORDERED** the late filed Motion to Voluntarily Dismiss (Ct. Rec. 55) is **DENIED.**

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, forward a copy to Plaintiff, and close the file.

**DATED** this   14th   day of October, 2010.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTIONS -- 2